CLARISSA ARNDT, Respondent, v. PAUL C. REMINGTON and CHAS. F. ELLIS, Appellants.

(177 N. W. 646.)

**Brokers — application of money by broker — where broker paid sum not authorized by owner, the broker becomes liable for the same — where such payment is made by broker he is entitled to be subrogated to judgment creditors.**

The plaintiff employed the defendants to make for her a loan of $800 on a homestead, and out of the loan to pay expenses, liens and claims against the land. Defendants paid $158.07 which was not a lien or legal claim against the land, and withheld the same from the plaintiff. *Held:* That in this case judgment was justly given against the defendants for $158.07, with interest and costs; also, that defendants having paid a judgment in favor of J. M. Hanley are entitled to be subrogated as judgment creditors.

Opinion filed December 31, 1919.

Appeal from the District Court of Morton County; Honorable *W. L. Nuessle,* Special Judge.

Modified and affirmed.

*Sullivan & Sullivan,* for appellants.

In construing the phraseology the words "mortgage" "lien" or "encumbrance," "judgments" and "taxes" do not limit the word "claims," but rather extends the meaning of the word "claims" which might be thought not to include such liens, judgments, encumbrances, or taxes. Concrete Steel Co. v. Illinois Surety Co. (Wis) 157 N. W. 543.

The word "claim" implies that the right is in dispute and is sug-

gestive of contention, litigation, and something left for future deter-
mination.   Re Cutting (Cal.) 161 Pac. 1137; See 11 C. J. 816;
Marsh v. Benton County (Iowa) 39 N. W. 713; Gorgeon v. Wageman
(Neb.) 108 N. W. 1067.

All that is required to make a valid claim (not necessarily enforce-
able) is pretension.   Sheldon v. Gage County Soc. of Agriculture
(Neb.) 98 N. W. 1045; Orvis v. Jennings, 6 Daly, 436; People v.
Fields, 58 N. Y. 491.

*Nuchols & Kelsch,* for respondent.

Where the appellant appeals from findings of fact, conclusions of
law and judgment only the supreme court is without authority to re-
view the evidence, and the findings of fact of the trial court are bind-
ing and conclusive upon the supreme court.   Edmondson v. White, 8
N. D. 73; State ex rel. McClory v. McGruer, 9 N. D. 566; Whitney v.
Akin, 19 N. D. 637.

Where appellant appeals from judgment only, the supreme court
is precluded from considering the evidence to ascertain whether the
trial court did not err in its findings of ultimate facts.   Security Im-
prov. Co. v. Cass County, 9 N. D. 553; Bank of Park River v. Norton,
14 N. D. 143.

In construing findings of fact made by the trial court, the appellate
court will consider all the findings together, in order to determine what
was intended.   Moore v. Booker, 4 N. D. 543.

The judgment of J. M. Hanley was not a valid lien or valid claim
against the premises as determined by this court in the cases of:
Foogman v. Patterson, 9 N. D. 254; Farmers Bank v. Knife River
Grain & Lumber Co. 37 N. D. 371.

ROBINSON, J.:   This is an appeal from a judgment against defend-
ants for $158.07, with interest and costs amounting to $225.07.   There
are no facts in dispute.   The plaintiff owned a quarter section of land
on which she resided as a homestead, and she had acquired the same
under the homestead laws of the United States.   Prior to the issuing
of a patent for the land, J. M. Hanley obtained and docketed in Mor-
ton county a judgment for $135, and interest, amounting to $158.07,
against the plaintiff and Clara Arndt.   Then, to secure for her a loan
of $800, the plaintiff made to defendants a mortgage on her home-

stead, viz: S.W.¼ Sec. 12, Twp. 132, Rge. 85, and defendants for good value agreed to secure for her the loan of $800 and to pay the same to her, after deducting certain expenses, liens and claims against the land; but though said judgment amounting to $158.07 was not a claim against the land, the defendants paid the same and withheld from plaintiff the amount of the judgment. Hence the trial court very justly gave judgment against the defendants, which must be affirmed, with costs, but as the defendants have paid the judgment amounting to $158.07, they ask as a matter of favor, that the satisfaction of the same be set aside and that they be subrogated to the rights of the judgment creditor. As that motion is equitable, it is allowed, and on payment of the judgment herein, with interest and all costs, the district court will add this addenda to the judgment, viz.: That the satisfaction of the judgment in favor of J. M. Hanley be set aside and that the defendants having paid the same be subrogated to the rights of the judgment creditor.

Modified and affirmed, with costs, and case remanded forthwith.

CHRISTIANSON, Ch. J., and BIRDZELL and GRACE, JJ., concur.

BRONSON, J. I concur in the affirmance of the judgment. After the argument and submission of this case before this court, the appellants requested that, since this court had indicated, during the oral argument, that the judgment should be affirmed, the judgment involved should be reinstated, and the appellants subrogated to the rights of the judgment creditor. The majority opinion, herein, has allowed this request as a motion and modified the judgment accordingly. This request or motion, as it appears, was first made before this court. I am of the opinion that this motion should be addressed to the trial court, and that the judgment should not be reinstated as a full lien of a docketed judgment, unless it clearly appears to the trial court that no intervening rights would be thereby prejudiced.